**UNITED STATES of America,**
**Appellee,**

v.

**Nicholas SANTORA, Defendant–**
**Appellant.**

No. 07–1103–cr.

United States Court of Appeals,
Second Circuit.

May 25, 2007.

Greg D. Andres, Assistant United States Attorney, of counsel (Peter A. Norling, Assistant United States Attorney, of counsel, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Flora Edwards, New York, NY, for Defendant–Appellant.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

Nicholas Santora ("Santora") appeals from an order of March 15, 2007 detaining him pending trial. The district court concluded that Santora was a danger to the community and that the medical care at the Metropolitan Detention Center ("MDC") was adequate despite Santora's heart condition. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

Santora makes two principal arguments on appeal. First, Santora argues that the district court erred when it determined that he posed a danger to his community. Second, because of his medical condition, Santora argues that his incarceration at the MDC violated his constitutional rights. Neither argument is meritorious.

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

The district court found that Santora was a danger to his community because he was an acting underboss in the Bonanno crime family and he had committed a crime of violence, specifically conspiracy to commit extortion. These findings are more than adequate to support a finding that "no condition or combination of conditions will reasonably assure" the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Ciccone*, 312 F.3d 535, 541 (2d Cir.2002).

As to Santora's constitutional challenges to the medical care at the MDC, pre-trial detention is not considered punishment for purposes of the "cruel and unusual punishment" proscription of the Eighth Amendment, *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir.2000), thus, his claims arise only under the Due Process Clause. Santora has not shown that the care he received at the MDC was impermissibly punitive, *United States v. El–Hage*, 213 F.3d 74, 79 (2d Cir.2000), or that the treatment he received could be characterized as "deliberate indifference," *Cuoco*, 222 F.3d at 106, and thus, his claim under the Due Process Clause fails.

We have considered all of defendant's other arguments and find them without merit. Accordingly, for the foregoing reasons, the order of the district court is hereby **AFFIRMED**.